UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVION MAURIC ALEXANDER,

          Petitioner,

   v.

JEFFREY PERKINS,

          Respondent.

CASE NO. 2:25-cv-01136-TL-BAT

**REPORT AND RECOMMENDATION**

In 2019, Petitioner was convicted of first-degree murder and tampering with a witness in King County Superior Court, case number 17-1-00526-2. He challenged these convictions in a first federal petition for writ of habeas corpus filed in 2024. *See Alexander v. Jackson*, 2:24-cv-00354-BJR. The federal habeas petition now before the Court was filed on June 17, 2025 and again challenges the 2019 King County Superior Court conviction, this time using a 28 U.S.C. § 2241 form petition for writ of habeas corpus. Dkt. 4.

Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss it if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court has reviewed the petition and finds it is time-barred, and there are no equitable grounds to toll the statute of limitations.

REPORT AND RECOMMENDATION - 1

1  Accordingly, the Court recommends the federal habeas petition be **DISMISSED** with
2  prejudice, and issuance of a certificate of appealability be **DENIED.** Leave to amend should be
3  denied as futile because no amendment would alter the fact the habeas petition is time-barred.

## DISCUSSION

5  Petitioner is imprisoned pursuant to a state court criminal judgement and federal habeas
6  relief is thus available only under 28 U.S.C. § 2254, not § 2241. *See Dominguez v. Kernan,* 906
7  F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under
8  § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to
9  a state court judgment, even when the petitioner is not challenging his underlying state court
10 conviction.'" *White*, 1009–10. 'By contrast, the general grant of habeas authority in § 2241 is
11 available for challenges by a state prisoner who is not in custody pursuant to a state court
12 judgment – for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at
13 1006.)."). In short, Petitioner is challenging his underlying state court judgment and sentence,
14 and such relief is available only under § 2254, not § 2241.

15 Petitioner is time-barred from bringing a § 2254 federal habeas corpus petition. The
16 present federal habeas petition is subject to the one-year statute of limitations in 28 U.S.C. §
17 2244(d)(1)(A), which ran from the date on which Petitioner's state court judgment became final
18 by the conclusion of direct review or the expiration of the time for seeking such review.

19 Here, the record shows that on March 14, 2024, Petitioner filed his first habeas petition
20 challenging his 2019 King County convictions. *See Alexander v. Jackson*, No 2:24-cv-00354-
21 BJR. The 2024 report and recommendation describes the procedural history in Petitioner's case
22 as of October 23, 2024. *See* Dkt. 17 (2024 case). Petitioner was convicted after a jury trial and
23 sentenced in the King County Superior Court on September 13, 2009. *Id.* at 3. Petitioner

REPORT AND RECOMMENDATION - 2

1  thereafter sought direct review. The Washington Court of Appeals affirmed Petitioner's
2  convictions on direct review and the Washington Supreme Court denied review on January 20,
3  2022. *Id.* Petitioner did not seek review in the United States Supreme Court and judgment thus
4  became final 90 days later, on April 20, 2022. *See McMonagle v. Meyer*, 802 F.3d 1093, 1096
5  (9th Cir. 2015).

6        The federal habeas statute of limitations thus started to run from April 20, 2022, and
7  continued to run for 203 days, until Petitioner filed a state personal restraint petition (PRP) on
8  November 9. 2022, *see* 2024 habeas case, Dkt. 17 at 3, which statutorily tolled the federal habeas
9  limitation under 28 U.S.C. § 2244(d)(2). ("The time during which a properly filed application for
10 State post-conviction or other collateral review with respect to the pertinent judgment or claim is
11 pending shall not be counted toward any period of limitation under this subsection.").

12       The Washington Court of Appeals dismissed the PRP as frivolous on August 18, 2023.
13 On December 29, 2023, the Washington Supreme Court denied review. Dkt. 17 at 4-5. Petitioner
14 did not seek review in the United States Supreme Court, and the federal habeas statute of
15 limitations again began running 90 days later, on March 19, 2024 when the time to seek
16 certiorari lapsed.

17       On March 14, 2024, Petitioner filed his first federal habeas petition challenging his King
18 County Superior Court convictions and sentence in *Alexander v. Jackson*, No 2:24-cv-00354-
19 BJR. Petitioner moved to withdraw this habeas petition on December 20, 2024, and the Court
20 granted the motion and dismissed the habeas petition on January 22, 2025.

21       The federal habeas corpus petition that Petitioner filed in March 2024 did not toll the
22 limitations period under § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (Section
23 2244(d)(2) "did not toll the limitation period during the pendency of respondent's first federal

REPORT AND RECOMMENDATION - 3

habeas petition"). Hence, the federal habeas limitations period continued to run from March 19, 2024. Because 203 days had already lapsed, between the finality of Petitioner's direct appeal on April 20, 2022 and the finality of his PRP on March 19, 2024, Petitioner had 162 days remaining to file a timely federal habeas petition. That 162 days lapsed on August 28, 2024, making the present federal habeas petition which was filed in 2025 untimely. *See e.g. Hemmerle v. Schriro*, 495 F.3d 10169, 1077-78 (9th Cir. 2007) (Total time that ran between the filing of two state petitions rendered the federal habeas petition untimely).

The Court notes Petitioner did not properly file a state PRP, during the pendency of his first federal habeas petition in 2024, that could have statutorily tolled the federal habeas statute of limitations under § 2244(d)(2). Rather Petitioner avers in his present habeas petition that he filed a PRP on March 25, 2025, well after the federal habeas limitations period had lapsed. The present federal petition, filed on June 17, 2025 is thus far outside the limitations period and should be dismissed as untimely.

Because Petitioner's habeas petition is untimely, the Court considers whether the habeas statute of limitations should be equitably tolled. The Court may equitably toll the statute of limitations if Petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida, 549 U.S. at* 226 (citation omitted). Petitioner has failed to make such a showing. As grounds for relief, Petitioner alleges he should be granted on new trial because his rights against self-incrimination, to be free from unreasonable searches and due process for a fair trial were violated. He also claims his rights were violated by the admission of "adoptive admissions" and that there was insufficient evidence to convict him. Each ground for relief flows from Petitioner's trial and he thus could have but failed to present his claims in a timely manner. The

REPORT AND RECOMMENDATION - 4

1  Court accordingly recommends equitable tolling be denied.

2  In sum, the present habeas petition is time-barred and there are no equitable reasons to

3  waive the habeas statute of limitations. The Court thus recommends the habeas petition be

4  **DISMISSED** with prejudice.

5  As Petitioner seeks § 2254 habeas relief, he may appeal a district court's dismissal of the

6  petition only after obtaining a certificate of appealability ("COA") from a district or circuit

7  judge. The Court may issue a COA only if Petitioner has made "a substantial showing of the

8  denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard

9  "by demonstrating that jurists of reason could disagree with the district court's resolution of his

10 constitutional claims or that jurists could conclude the issues presented are adequate to deserve

11 encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

12 Under this standard, the Court finds no reasonable jurist would disagree the claims

13 Petitioner presents in his habeas petition are untimely and should be dismissed as time

14 barred. Petitioner should address whether a COA should issue in his written objections, if any,

15 to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

17 This Report and Recommendation is not an appealable order. Therefore, Petitioner

18 should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned

19 District Judge enters a judgment in the case.

20 Objections, however, may be filed no later than **July 23, 2025.** The Clerk shall note the

21 matter for **July 25, 2025**, as ready for the District Judge's consideration.

22 /

23 /

REPORT AND RECOMMENDATION - 5

The failure to timely object may affect the right to appeal. The clerk shall provide Petitioner a copy of this report and recommendation.

DATED this 9th day of July, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e

REPORT AND RECOMMENDATION - 6